FILED

2010 FEB -3  AM 11: 32

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO. FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARA HILL,                          Case No.    6:10-cv- 197-ORL-18DAB

Plaintiff,

v.

DIVERSIFIED ADJUSTMENT SERVICE, INC.,

Defendant.

_____/

### PETITION FOR REMOVAL WITH SUPPORTING MEMORANDUM OF LAW

COMES NOW, the Defendant/Petitioner, DIVERSIFIED ADJUSTMENT SERVICE, INC., by and through its undersigned counsel, and respectfully petitions this Honorable Court for removal of the above-styled civil action from the County Court, in and for Orange County, Florida, to the United States District Court for the Middle District of Florida, Orlando Division, and state as follows:

1.      Defendant/Petitioner, DIVERSIFIED ADJUSTMENT SERVICE, INC., has been named as a Defendant in a civil action brought against it in the County Court in and for Orange County, Florida styled *"Dara Hill  v. Diversified Adjustment Service, Inc."*, Case No.: 09-CC-22418.  A copy of the Complaint served in that action, in addition to all process and pleadings served upon Defendant/Petitioner, is attached hereto as Composite Exhibit "A."

2.      That the aforesaid action was filed with the Clerk of the Court in Orange County on or about December 29, 2009 and service of process of said Summons and Complaint, served upon the Defendant/Petitioner, DIVERSIFIED ADJUSTMENT SERVICE, INC., on January 4,

1

2010.

3.     That the controversy herein between the Plaintiff and Defendant/Petitioner is a controversy based upon consumer protection rights created by and enforced through federal statute 15 U.S.C. Sec. 1692 *et seq.* entitled the Fair Debt Collection Practices Act (F.D.C.P.A.).

4.     That the above described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, United States Code, §1331, and is one which may be removed to this Court by the Defendant/Petitioner pursuant to the provisions of Title 28, United States Code, §1441(a), in that it is a civil action based upon a federal question over which this Court has original jurisdiction.

5.     This Notice of Removal is filed with this Court within 30 days after service on Defendant/Petitioner of the Complaint in the above-styled action and is, therefore, timely pursuant to 28 U.S.C. §1446(b).

## MEMORANDUM OF LAW IN SUPPORT OF ITS PETITION FOR REMOVAL

### Statement of the Case and Facts

The instant suit is a civil action which includes a federal question, specifically, a claim that the Defendant/Petitioner violated Plaintiff's consumer protection rights under the Fair Debt Collection Practices Act.   The original Complaint seeks an award of damages against this Defendant/Petitioner, for alleged violations of this federal consumer protection statute.   Plaintiff alleges that he has sustained damages and seeks judgment for those damages against this Defendant/Petitioner.

### Federal Court Jurisdiction

This Court has jurisdiction of this case pursuant to 28 U.S.C. §1331.   Section 1331 states

2

as follows:

> "§1331.  Federal question.
>
> *The federal district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States.*

The original Complaint herein raises a federal question and satisfies the jurisdictional requirements of 28 U.S.C. §1331.  This Honorable Court therefore has original jurisdiction of this civil action.

## Removal

This is an action which may properly be removed to this Court pursuant to 28 U.S.C. §1441 which states in pertinent part as follows:

> *"Except as otherwise expressly provided by act of Congress, any civil action brought in a state court of which the district courts of the United States has original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending . . . "*

Given that this action is one over which the United States District Court for the Middle District of Florida would have original jurisdiction, this case may properly be removed by Defendant/Petitioner pursuant to 28 U.S.C. §1446(a) which provides:

> *"A defendant or defendants desiring to remove any civil action or criminal prosecution from a state court shall file in the district court of the United States for the district and division within which such action is pending a Notice of Removal, signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings and orders served upon such defendant or defendants in such action."*

In the instant suit, the Defendant/Petitioner has filed a Notice which complies with 28 U.S.C. §1446(a), in that it sets forth facts that show that this Court has original jurisdiction and

that this case is subject to removal.

### Timeliness of Removal

28 U.S.C. §1446(b) requires that a Notice of Removal in a civil action or proceeding shall be filed within thirty (30) days after receipt by Defendant/Petitioner, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which the action or proceeding is based.  The original Complaint was filed with the Court on or about December 29, 2009 and served upon the Defendant/ Petitioner on January 4, 2010, and this Petition for Removal has been filed less than thirty (30) days from service of the original Complaint.

### Consent of Co-defendants

Undersigned counsel represents that no other co-Defendant has been listed or served as a party to this lawsuit and, with respect to this removal, and therefore no consent is necessary.

### Supplemental Jurisdiction

This Court has the discretion to exercise supplemental jurisdiction over any state law claims which have been asserted as part of the underlying action.  28 U.S.C. §1441(c) provides as follows:

> "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by §1331 of this Title, is joined within one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates."

Defendant/Petitioner would submit that Plaintiff has asserted a claim under state law based upon the same factual allegations which support the federal claim.

WHEREFORE, Defendant/Petitioner, DIVERSIFIED ADJUSTMENT SERVICE, INC., respectfully requests this Honorable Court enter its Order removing the entire case from the

4

Circuit Court in and for Orange County, Florida, to the United States District Court, Middle District of Florida, Orlando Division.

Respectfully submitted,

ERNEST H. KOHLMYER, III
Florida Bar No. 0110108

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished via email only to **Brian P. Parker, Esquire**, c/o Law Offices of Brian P. Parker, P.C., 30700 Telegraph Road, Ste 1580, Bingham Farms, Michigan, 48025, this 2 day of February, 2010.

ERNEST H. KOHLMYER, III
Florida Bar No. 0110108
South Milhausen, P.A.
Gateway Center
1000 Legion Place, Suite 1200
Orlando, Florida 32801
(407) 539-1638; (407) 539-2679 (fax)
Skohlmyer@southmilhausen.com
Attorneys for Defendant

5

**IN THE COUNTY CIVIL COURT OF THE**
**9ᵀᴴ JUDICIAL ORANGE COUNTY COURT,**
**STATE OF FLORIDA**

**DARA HILL,**

                    **Plaintiff,**

-vs-                                                    **Case No.**
                                                        **HON.**

**DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED,**

                    **Defendant.**

_____/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (0980668)
Attorney for Plaintiff
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
lemonlaw@ameritech.net
WWW.COLLECTIONSTOPPER.COM

_____/

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, **DARA HILL**, by and through counsel, brings this action against the above

listed Defendant, **DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED,**

(Defendant) on the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the

Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq,* and seeks actual damages,

costs and attorney's fees.

EXHIBIT "A"

## II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of Orlando, Orange County, Florida, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

2.

The defendant is a Debt Collector located with its registered agent located I n the State of Michigan and the actions in this case taking place at Plaintiff's home location in Orange County, Florida.

3.

The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq*. The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d).

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers

against debt collection abuse. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

12.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A "Debt Collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

14.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

15.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes, Sections 559.55 (1).

16.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

(8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family;

(10) Use a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it is not;

(15) Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt;

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

(4) Communicate or threaten to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection, but this shall not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained; and

(17) Communicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor.

17.

Under Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In an action brought pursuant to subsection (1and 2), in determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

## V. FACTUAL ALLEGATIONS

### 18.

Plaintiff is receiving numerous phone calls from Defendant representatives in regards to the collection of an alleged debt.

### 19.

This alleged debt derives out of a Sprint debt in the amount of $360.00. Defendant, through its representatives, "Regina," "Gina," and "Chris" is repeatedly calling Plaintiff from 800-474-3743.

### 20.

Defendant has threatened Plaintiff with a lawsuit, and to date, no such lawsuit has been filed. Defendant told Plaintiff that if she does not pay off this alleged debt, then they will sue Plaintiff and the amount of the debt will be doubled. **Please see attached Exhibit Nos. 1 and 2.**

### 21.

Defendant is calling Plaintiff everyday, at least two times a day, even after Plaintiff has repeatedly asked Defendant to stop calling her.

### 22.

Defendant is even calling Plaintiff at her place of employment, even after Plaintiff specifically asked Defendant to stop calling her there. Defendant told Plaintiff that they will continue to call Plaintiff at her work until Plaintiff pays the alleged debt. **Please see attached Exhibit Nos. 1 and 2.**

23.

Plaintiff has received phone calls from Defendant at 7:00 a.m. and as late as 10:00 p.m. **Please see attached Exhibit Nos. 1, 2 and 3.**

24.

Defendant has been extremely rude and abusive in conversations with Plaintiff. Defendant has screamed at Plaintiff, threatened Plaintiff, called Plaintiff a liar and even hung up on Plaintiff. **Please see attached Exhibit Nos. 1 and 2.**

25.

In one conversation, Plaintiff asked Defendant if she could speak to a supervisor and Defendant refused this to Plaintiff.

26.

In another conversation, Defendant told Plaintiff that they have every right to know how much money Plaintiff makes an hour to decide how much Plaintiff will pay them a month. **Please see attached Exhibit No. 1.**

27.

To date, Plaintiff has not received anything in writing from Defendant, in violation of the FDCPA.

28.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks her attorney fees and costs under the FDCPA and FCCPA. **Please see attached Exhibit No. 3.**

29.

Plaintiff seeks judgement against the Defendant in whatever amount less than $15,000 that Plaintiff is entitled to and the costs and expenses of this action.

## VI. CAUSES OF ACTION

## CLAIM AGAINST DEFENDANT UNDER THE FDCPA

30.

The defendant has violated the FDCPA, 15 U.S.C. § 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt. **Please see Paragraphs 20, 24, 26, and 27.**

31.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. **Please see Paragraphs 18, 19, 20, 21, 22, 23, 24, 25, and 26.**

32.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of any debt. **Please see Paragraphs 20 and 26.**

33.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. **Please see Paragraphs 18, 19, 20, 21, 22, 23, 24, 25, and 26.**

34.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number. **Please see Paragraphs 18, 19, 21, and 22.**

35.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(2) by using obscene or profane language or language the natural consequence of which is to abuse the hearer. **Please see Paragraphs 20, 22, 24, 25, and 26.**

36.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(4) by representing or implying that nonpayment of any debt will result in the garnishment of wages. **Please see Paragraph 26.**

37.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken. **Please see Paragraphs 20, 22, and 26.**

38.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(1) by failing to provide Plaintiff within five days of the initial communication with a written notice containing the amount of the debt. **Please see Paragraph 27.**

39.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(2) by failing to provide Plaintiff within five days of the initial communication with a written notice containing the name of the creditor to whom the debt is owed. **Please see Paragraph 27.**

40.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(3) by failing to provide Plaintiff within five days of the initial communication with a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. **Please see Paragraph 27.**

41.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(4) by failing to provide Plaintiff within five days of the initial communication with a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. **Please see Paragraph 27.**

42.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(5) by failing to provide Plaintiff within five days of the initial communication with a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. **Please see Paragraph 27.**

43.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(1) by communicating with the consumer at any unusual time or place known or which should be known to be inconvenient to the consumer, including calling the consumer before 8:00 a.m. and after 9:00 p.m. **Please see Paragraphs 22 and 23.**

44.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(3) by communicating with the consumer at the consumer's place of employment when the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication. **Please see Paragraph 22.**

45.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks her attorney fees and costs under the FDCPA.

**CLAIM AGAINST DEFENDANT UNDER THE FCCPA**

46

Defendant has violated  559.72(7) by using a harassing, oppressive or abusive method to collect on a debt. **Please see Paragraphs 18, 19, 20, 21, 22, 23, 24, 25, and 26.**

47.

Defendant has violated  559.72 (8) by using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor. **Please see Paragraphs 20, 22, 24, 25, and 26.**

48.

Defendant has violated 559.72 (10) by using a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it is not. **Please see Paragraphs 20 and 26.**

49.

Defendant has violated 559.72 (15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents. **Please see Paragraph 27.**

50.

Defendant has violated 559.72 (9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist. **Please see Paragraphs 20, 22, and 26.**

51.

Defendant has violated 559.72 (17) by communicating with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor. **Please see Paragraph 23.**

52.

Defendant has violated 559.72 (4) by communicating or threatening to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection. **Please see Paragraphs 22 and 26.**

53.

Upon adverse adjudication, the Defendant shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

54.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks her attorney fees and costs under the FCCPA.

55.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

56.

Plaintiff seeks judgement against the Defendant in whatever amount that Plaintiff is entitled to less than $15,000, consequential damages and the costs and expenses of this action.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages;
2. For statutory and emotional damages under the FDCPA;
3. For $1,000 and actual damages under 559.72;
4. For attorneys' fees and costs incurred in this action under the FDCPA and FCCPA;
5. For Damages under the FCCPA, and
6. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.
This 10th day of December, 2009.

Respectfully submitted,

BRIAN P. PARKER (0980668)
Attorney for Plaintiff

## AFFIDAVIT OF DARA HILL

STATE OF FLORIDA          )

COUNTY OF ORANGE     )

     **DARA HILL,** being first duly sworn, deposes and says that she is of suitable age and discretion to testify in a Court of law and that she makes this Affidavit based upon personal knowledge and, if called upon to testify, would testify as follows:

1.     This is a consumer debt and not a business debt with Sprint.

2.     DIVERSIFIED ADJUSTMENT SERVICE, INC. is calling me and harassing me in regards to a collection of an alleged debt.

3.     DIVERSIFIED ADJUSTMENT SERVICE, INC. has threatened to file a lawsuit against me, to date there has been no such lawsuit. A representative told me that if I do not pay the debt off, they will sue me and my debt will be doubled.

4.     Representatives of DIVERSIFIED ADJUSTMENT SERVICE, INC. are calling me everyday, at least 2 times a day.

5.     Representatives of DIVERSIFIED ADJUSTMENT SERVICE, INC. have continuously called me on my cell phone after I have asked them to stop calling me.

6.     DIVERSIFIED ADJUSTMENT SERVICE, INC. has called me at 7:00 a.m. and at 10:00 p.m. in regards to their attempt to collect on the alleged debt.

7.     Representatives of DIVERSIFIED ADJUSTMENT SERVICE, INC. have called my workplace after I have asked them not to call me there. A representative told me that she will call me at my workplace until I pay.

8.     Representatives of DIVERSIFIED ADJUSTMENT SERVICE, INC. have been rude to me in conversations. The representatives would scream and threaten me.

9.     Representatives of DIVERSIFIED ADJUSTMENT SERVICE, INC. have called me and hung up on me.

10.    A representative of DIVERSIFIED ADJUSTMENT SERVICE, INC. called me a lair.

11.    I have asked representatives of DIVERSIFIED ADJUSTMENT SERVICE, INC. to let me speak to a supervisor and the representative refused to do so.

12.    Representatives of DIVERSIFIED ADJUSTMENT SERVICE, INC. that have been rude to me in conversations, names are Regina and Gina.

13.    In one conversations, the representative of DIVERSIFIED ADJUSTMENT SERVICE, INC. told me that they have every right to know how much I make a hour to decide how much I will pay them a month.

14.    To date, I have not received anything in writing from DIVERSIFIED ADJUSTMENT SERVICE, INC. in regards to the collection of the alleged debt.

Further, Deponent saith not.

_Dara Hill_
**Dara Hill**

Subscribed and sworn to before me
this ___9th___ day of ___Dec___, 2009.

Notary Public

_Kimr_

> KIMBERLY RUTH MCCRAY
> Notary Public, State of Florida
> Commission# DD865000
> My comm. expires July 11, 2013

STATE OF FLORIDA
COUNTY OF Orange

The foregoing instrument was acknowledged before me, this
09 day of Dec, 2009 by Dara Hill
who is personally known to me or who has produced
FL D. License as identification.

* My Personal Log notes - (these are only the calls I have
                          down, for when the harrassment
                          started getting really bad)

11-20-09
at 9 pm
missed call

EX.#2

11-21-09
11:06 am
woman asked me "what am I going to do to take care of this balence"
she followed with yelling at me very loud that I need to take
care of this and I need to give them my bank account number.
I asked for there address so I can mail them a check for
a payment towards my balence, she yelled that I cannot
mail in that I can only do payment over the phone
(screaming at me!) I jumped in and asked for her name
and ID# - she hung up on me.

1-21-09
11:15am
I called back- to complain ⇒ I req to speak to a supervisor.
The rep. asked if she could help me, I said NO, I need to
speek to a supervisor. She transfered me to a machine
I left a message to please call me back (full detail)
I never got a call!

11-23-09
2:07 pm
missed call

11-23-09
2:18 pm
Spoke to Amanda. We arranged a payment plan of $10/month.
She gave me the address to mail payments in.

        DASI PO BOX 32145
        Fridley MN 55432

Told me my balence was $361.58

11- 24 -09 -
5:45 pm
missed call

11 - 25 - 09
12:45 pm

Spoke to Kris or Chris (woman)
She said $10/month is not good enough. I explained that is all I
can afford because I have not been working past 2 months -
that I have been on matternity leave. She got loud with
me saying that they will still call me daily unless if I
give them my bank account number. I said no - I will
mail in my payments. She said then I will get calls every
day and multiple times a day. I asked her to please
stop calling, she said no, that they are allowed to
keep calling. I asked for her name & ID#, she said
Kris/Chris and said she does not have an ID# so I
asked to speak to her supervisor. She transfered me
to a machine, again. I left another detailed message.
    Never got a call back from a supervisor.

11/27/09
9:16 pm
I answered upset (because my baby was sleeping)
they hung up on me after 6 sec.

1/28/09
8:20 pm
I answered - they played a recording message
          and then hung up on me.

11/30/09   10:30 am
Hung up on me

11/30/09
10:31 am
Called my work
and left a message

**PHONE MESSAGE**

TO: Dara

FROM: Chris

PET'S NAME: _____ Dinay

PHONE NO: 1800-474-3743

PHONE NO: _____

DATE CALLED: 11-30

TIME CALLED: 10:31

MESSAGE:
Dlh Diversified adjustment

MESSAGE TAKEN BY: JJ

12 - 1 - 09  5:15 pm
missed Call

12-2-09  9:12 am
missed call on cell phone

12-2-09

Called my WORK AGAIN!

Spoke to Regia or Regina

She was screaming at me, calling me a lier because I was at work. I told her I could not discuss this, I am at work. She kept yelling at me - I told her I am back at work now from matternity leave. She kept calling me a lier. Then she said since Im at work I can get my check book out right now and take of this. I told her that I can not pay it all at once and I already had an aggreement to pay $10/month. She continued screaming at me that $10 is not good enough and I have to pay it all now. I said no I cant and asked her to never call my work again. She said no - she will continue to call me unless if I give her my account #. I asked to speak to her supervisor and she told me no, she refused to transfer me so I ended the conversation saying good bye - and hung up.

JAN. 11. 2010 11:24AM   DIVERSIFIED ADJ.   NO. 9674   P. 262

12-3-09 9:30 am
I called back.
spoke to Gena. Asked her to please
never call my work place again. She
said she will make a note of it.
But would not promise me anything.
She began to explain that $10 I'm
is not good enough and asked me
how much money I make an hour at
work. I told her I am not comfortable
to answer that. She told me they have
the legal right to no my income so
they can calculate it and they decide
how much I pay a month. I refused
to tell her. So then I was threatened
that they will Sue me AND be
doubling my balance.

12-3 5:14pm
answered – they hung up on me

12-1 9:10 am
answered – they hung up on me

12-1 9:12 am
called again. Spoke to Regina.
started up again. family saving $10 I'm is not enough
asked if I was back at work. I told her yes and
quickly interrupted me. "Good" as you can get
your check back out and pay up." I said no I
can't. she got firm again. starting yelling at
me that they are offered a deal to put this on my credit
soon. She offered a deal to put this on my credit
and we can end all this now. at $300.00 Fin.

and she said well think about it. I told
her I need to talk to my husband
and see if we can work it out in our
budget. She said she would give me
2 days to respond or the $200 deal
would be off.

12-9-09.   12:53pm
    called - played there recording
        and hung up on me

## Debt Collection Damages

These are my damages:

| | Yes | No |
|---|---|---|
| Sleeplessness | (Yes) | No |
| Fear of answering the telephone | (Yes) | No |
| Nervousness | (Yes) | No |
| Fear of answering the door | Yes | (No) |
| Embarrassment when talking to or seeing friends or family | Yes | (No) |
| Depression (sad, anxious, or "empty" moods) | (Yes) | No |
| Chest Pain | (Yes) | (No) |
| Feelings of hopelessness, pessimism | (Yes) | No |
| Feelings of guilt, worthlessness, helplessness | (Yes) | No |
| Appetite and/or weight loss or overeating and weight gain | Yes | (No) |
| Thoughts of death or suicide; suicide attempts | Yes | (No) |
| Restlessness, irritability | (Yes) | No |
| Other physical symptoms headaches, digestive disorders, and chronic pain | (Yes) | No |
| Negative impact on my job | (Yes) | No |
| Negative impact on my relationship | (Yes) | No |

Other physical or emotional symptoms that you feel are associated with abusive debt collections:

The harrassment is going to far! I feel helpless because I really cant afford to pay more then $10 month. They make me feel so worthless! They called me a liar about being on maternity leave when I just had my baby 3 months ago. this is causing stress on my marriage trying to work this out in our budget. They have called me before 8am on a sunday and have called me at 9:16pm on 1 occation and at 10pm on 1 occation and they just hang up me — woke up my baby!

I swear, under the penalty of perjury, that the above is true:

Dara Hill

Print Name Above

Dara Hill

Sign Name Above

Subscribed and sworn to before me this ___ day of DEC, 2009.

Notary Public

KIMBERLY RUTH MCCRAY
Notary Public, State of Florida
Commission# DD695000
My comm. expires July 11, 2013

STATE OF FLORIDA
COUNTY OF Orange

The foregoing instrument was acknowledged before me this ___ day of DEC, 2009 by Dara Hill who is personally known to me or who has produced FL DL License as identification.

IN THE COUNTY CIVIL COURT OF THE
9th JUDICIAL COURT IN AND FOR
ORANGE COUNTY FLORIDA   #72
CIVIL DIVISION
CASE NO: O9CC 22418

DARA HILL,

      Plaintiff,

v

DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED,

      Defendant.

## CIVIL ACTION SUMMONS

STATE OF FLORIDA:
To Each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition in this action on Defendant:

DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED
RA: The Corporation Company
30600 Telegraph Rd., Ste. 2345
Bingham Farms, MI 48025

Each Defendant is required to serve written defenses to the Complaint of Petition on Plaintiff's attorney, to
BRIAN PARKER, whose address is:

        30700 Telegraph Road, Suite 1580
        Bingham Farms, MI 48025

Within 20 days after service of this Summons on that Defendant, exclusive of the date of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

EACH SHERIFF OF THE STATE:

      YOU ARE HEREBY COMMANDED to serve the Summons and a copy of the Complaint in this lawsuit on the above-named Defendant.

Dated this____ Day of _DEC 2 9 2009._, 20__.

                              LYDIA GARDNER

    CIVIL DIVISION
    425 North Orange Avenue, Room 310        Clerk of the County Civil Court
    Orlando, Florida 32801-1526
                              KRISTEN BURRELL
                              CIVIL COURT SEAL
                By:_____
                      Deputy Clerk