IN THE COUNTY CIVIL COURT OF THE
9ᵀᴴ JUDICIAL ORANGE COUNTY COURT,
STATE OF FLORIDA

DARA HILL,

        **Plaintiff,**

-vs-
                                      Case No.
                                      HON.

DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED,

        **Defendant.**

_____/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER (0980668)
Attorney for Plaintiff
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
lemonlaw@ameritech.net
WWW.COLLECTIONSTOPPER.COM
_____/

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, **DARA HILL,** by and through counsel, brings this action against the above

listed Defendant, **DIVERSIFIED ADJUSTMENT SERVICE, INCORPORATED,**

(Defendant) on the grounds and in the amounts set forth herein:

## I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations of the

Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq,* and seeks actual damages,

costs and attorney's fees.

EXHIBIT "A"

## II. PARTIES

1.

The plaintiff is a natural person and consumer, a resident of Orlando, Orange County, Florida, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

2.

The defendant is a Debt Collector located with its registered agent located I n the State of Michigan and the actions in this case taking place at Plaintiff's home location in Orange County, Florida.

3.

The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq*. The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d).

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers

against debt collection abuse. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

12.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A "Debt Collector" means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

14.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

15.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes, Sections 559.55 (1).

16.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

(8) Use profane, obscene, vulgar, or willfully abusive language in communicating with the debtor or any member of her or his family;

(10) Use a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it is not;

(15) Refuse to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents when requested to do so by a debtor from whom she or he is collecting or attempting to collect a consumer debt;

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

(4) Communicate or threaten to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection, but this shall not prohibit a person from telling the debtor that her or his employer will be contacted if a final judgment is obtained; and

(17) Communicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor.

17.

Under Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In an action brought pursuant to subsection (1and 2), in determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

## V. FACTUAL ALLEGATIONS

### 18.

Plaintiff is receiving numerous phone calls from Defendant representatives in regards to the collection of an alleged debt.

### 19.

This alleged debt derives out of a Sprint debt in the amount of $360.00. Defendant, through its representatives, "Regina," "Gina," and "Chris" is repeatedly calling Plaintiff from 800-474-3743.

### 20.

Defendant has threatened Plaintiff with a lawsuit, and to date, no such lawsuit has been filed. Defendant told Plaintiff that if she does not pay off this alleged debt, then they will sue Plaintiff and the amount of the debt will be doubled. **Please see attached Exhibit Nos. 1 and 2.**

### 21.

Defendant is calling Plaintiff everyday, at least two times a day, even after Plaintiff has repeatedly asked Defendant to stop calling her.

### 22.

Defendant is even calling Plaintiff at her place of employment, even after Plaintiff specifically asked Defendant to stop calling her there. Defendant told Plaintiff that they will continue to call Plaintiff at her work until Plaintiff pays the alleged debt. **Please see attached Exhibit Nos. 1 and 2.**

23.

Plaintiff has received phone calls from Defendant at 7:00 a.m. and as late as 10:00 p.m. **Please see attached Exhibit Nos. 1, 2 and 3.**

24.

Defendant has been extremely rude and abusive in conversations with Plaintiff. Defendant has screamed at Plaintiff, threatened Plaintiff, called Plaintiff a liar and even hung up on Plaintiff. **Please see attached Exhibit Nos. 1 and 2.**

25.

In one conversation, Plaintiff asked Defendant if she could speak to a supervisor and Defendant refused this to Plaintiff.

26.

In another conversation, Defendant told Plaintiff that they have every right to know how much money Plaintiff makes an hour to decide how much Plaintiff will pay them a month. **Please see attached Exhibit No. 1.**

27.

To date, Plaintiff has not received anything in writing from Defendant, in violation of the FDCPA.

28.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks her attorney fees and costs under the FDCPA and FCCPA. **Please see attached Exhibit No. 3.**

29.

Plaintiff seeks judgement against the Defendant in whatever amount less than $15,000 that Plaintiff is entitled to and the costs and expenses of this action.

## VI. CAUSES OF ACTION

## CLAIM AGAINST DEFENDANT UNDER THE FDCPA

30.

The defendant has violated the FDCPA, 15 U.S.C. § 1692e (10) by the use of false representations and deceptive means in pursuing Plaintiff for a debt. Please see Paragraphs 20, 24, 26, and 27.

31.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. Please see Paragraphs 18, 19, 20, 21, 22, 23, 24, 25, and 26.

32.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount or legal status of any debt. Please see Paragraphs 20 and 26.

33.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. Please see Paragraphs 18, 19, 20, 21, 22, 23, 24, 25, and 26.

34.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number. **Please see Paragraphs 18, 19, 21, and 22.**

35.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d(2) by using obscene or profane language or language the natural consequence of which is to abuse the hearer. **Please see Paragraphs 20, 22, 24, 25, and 26.**

36.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(4) by representing or implying that nonpayment of any debt will result in the garnishment of wages. **Please see Paragraph 26.**

37.

Defendant has violated the FDCPA, 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken. **Please see Paragraphs 20, 22, and 26.**

38.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(1) by failing to provide Plaintiff within five days of the initial communication with a written notice containing the amount of the debt. **Please see Paragraph 27.**

39.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(2) by failing to provide Plaintiff within five days of the initial communication with a written notice containing the name of the creditor to whom the debt is owed. **Please see Paragraph 27.**

40.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(3) by failing to provide Plaintiff within five days of the initial communication with a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector. **Please see Paragraph 27.**

41.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(4) by failing to provide Plaintiff within five days of the initial communication with a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector. **Please see Paragraph 27.**

42.

Defendant has violated the FDCPA, 15 U.S.C. § 1692g(a)(5) by failing to provide Plaintiff within five days of the initial communication with a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. **Please see Paragraph 27.**

43.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(1) by communicating with the consumer at any unusual time or place known or which should be known to be inconvenient to the consumer, including calling the consumer before 8:00 a.m. and after 9:00 p.m. **Please see Paragraphs 22 and 23.**

44.

Defendant has violated the FDCPA, 15 U.S.C. § 1692c(a)(3) by communicating with the consumer at the consumer's place of employment when the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication. **Please see Paragraph 22.**

45.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks her attorney fees and costs under the FDCPA.

## CLAIM AGAINST DEFENDANT UNDER THE FCCPA

46

Defendant has violated 559.72(7) by using a harassing, oppressive or abusive method to collect on a debt. **Please see Paragraphs 18, 19, 20, 21, 22, 23, 24, 25, and 26.**

47.

Defendant has violated 559.72 (8) by using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor. **Please see Paragraphs 20, 22, 24, 25, and 26.**

48.

Defendant has violated 559.72 (10) by using a communication which simulates in any manner legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency, or attorney at law, when it is not. **Please see Paragraphs 20 and 26.**

49.

Defendant has violated 559.72 (15) by refusing to provide adequate identification of herself or himself or her or his employer or other entity whom she or he represents. **Please see Paragraph 27.**

50.

Defendant has violated 559.72 (9) by claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist. **Please see Paragraphs 20, 22, and 26.**

51.

Defendant has violated 559.72 (17) by communicating with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor. **Please see Paragraph 23.**

52.

Defendant has violated 559.72 (4) by communicating or threatening to communicate with a debtor's employer prior to obtaining final judgment against the debtor, unless the debtor gives her or his permission in writing to contact her or his employer or acknowledges in writing the existence of the debt after the debt has been placed for collection. **Please see Paragraphs 22 and 26.**

53.

Upon adverse adjudication, the Defendant shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

54.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks her attorney fees and costs under the FCCPA.

55.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

56.

Plaintiff seeks judgement against the Defendant in whatever amount that Plaintiff is entitled to less than $15,000, consequential damages and the costs and expenses of this action.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1. For compensatory damages;
2. For statutory and emotional damages under the FDCPA;
3. For $1,000 and actual damages under 559.72;
4. For attorneys' fees and costs incurred in this action under the FDCPA and FCCPA;
5. For Damages under the FCCPA, and
6. For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.
This 10th day of December, 2009.

Respectfully submitted,

BRIAN P. PARKER (0980668)
Attorney for Plaintiff



## AFFIDAVIT OF DARA HILL

STATE OF FLORIDA          )

COUNTY OF ORANGE     )

      **DARA HILL,** being first duly sworn, deposes and says that she is of suitable age and discretion to testify in a Court of law and that she makes this Affidavit based upon personal knowledge and, if called upon to testify, would testify as follows:

1.     This is a consumer debt and not a business debt with Sprint.

2.     DIVERSIFIED ADJUSTMENT SERVICE, INC. is calling me and harassing me in regards to a collection of an alleged debt.

3.     DIVERSIFIED ADJUSTMENT SERVICE, INC. has threatened to file a lawsuit against me, to date there has been no such lawsuit. A representative told me that if I do not pay the debt off, they will sue me and my debt will be doubled.

4.     Representatives of DIVERSIFIED ADJUSTMENT SERVICE, INC. are calling me everyday, at least 2 times a day.

5.     Representatives of DIVERSIFIED ADJUSTMENT SERVICE, INC. have continuously called me on my cell phone after I have asked them to stop calling me.

6.     DIVERSIFIED ADJUSTMENT SERVICE, INC. has called me at 7:00 a.m. and at 10:00 p.m. in regards to their attempt to collect on the alleged debt.

7.     Representatives of DIVERSIFIED ADJUSTMENT SERVICE, INC. have called my workplace after I have asked them not to call me there. A representative told me that she will call me at my workplace until I pay.

8.   Representatives of DIVERSIFIED ADJUSTMENT SERVICE, INC. have been rude to me in conversations. The representatives would scream and threaten me.

9.   Representatives of DIVERSIFIED ADJUSTMENT SERVICE, INC. have called me and hung up on me.

10.   A representative of DIVERSIFIED ADJUSTMENT SERVICE, INC. called me a lair.

11.   I have asked representatives of DIVERSIFIED ADJUSTMENT SERVICE, INC. to let me speak to a supervisor and the representative refused to do so.

12.   Representatives of DIVERSIFIED ADJUSTMENT SERVICE, INC. that have been rude to me in conversations, names are Regina and Gina.

13.   In one conversations, the representative of DIVERSIFIED ADJUSTMENT SERVICE, INC. told me that they have every right to know how much I make a hour to decide how much I will pay them a month.

14.   To date, I have not received anything in writing from DIVERSIFIED ADJUSTMENT SERVICE, INC. in regards to the collection of the alleged debt.

Further, Deponent saith not.

_Dara Hill_
**Dara Hill**

Subscribed and sworn to before me
this 9th day of DEC , 2009.

Notary Public

STATE OF FLORIDA
COUNTY OF Orange

The foregoing instrument was acknowledged before me, this 9 day of DEC ,2009 by Dara Hill who is personally known to me or who has produced FL D-License as identification.

KIMBERLY RUTH MCCRAY
Notary Public, State of Florida
Commission# DD695000
My comm. expires July 11, 2013

\* My personal Log notes - (these are only the calls I have down, for when the harrassment started getting really bad)

11-20-09
at 9 pm
missed call

EX. #2

11-21-09
11:06 am
Woman asked me "what am I going to do to take care of this balence" she followed with yelling at me very loud that I need to take care of this and I need to give them my bank account number. I asked for there address so I can mail them a check for a payment towards my balence, she yelled that I cannot mail in that I can only do payment over the phone (screaming at me!) I jumped in and asked for her name and ID# - she hung up on me.

1-21-09
1:15am
I called back- to complain ⇒ I req to speak to a Supervisor. The rep. asked if she could help me, I said NO, I need to speek to a Supervisor. She transfered me to a machine I left a message to please call me back (full detail) I never got a call!

11-23-09
2:07 pm
missed call

11-23-09
2:18 pm
Spoke to Amanda. We arranged a payment plan of $10/month. She gave me the address to mail payments in.

DASI PO BOX 32145
Fridley MN 55432.

Told me my balence was $361.58

11-24-09-
5:45 pm

missed call

---

11-25-09
12:45 pm

Spoke to Kris or Chris (woman)
She said $10/month is not good enough. I explained that is all I
can afford because I have not been working past 2 months—
that I have been on matternity leave. She got loud with
me saying that they will still call me daily unless if I
give them my bank account number. I said no — I will
mail in my payments. She said then I will get calls every
day and multiple times a day. I asked her to please
stop calling, she said no, that they are allowed to
keep calling. I asked for her name & ID#, she said
Kris/Chris and said she does not have an ID# so I
asked to speak to her supervisor. She transfered me
to a machine, again. I left another detailed message.
Never got a call back from a supervisor.

---

11/27/09
9:16 pm

I answered upset (because my baby was sleeping)
they hung up on me after 6 sec.

---

11/28/09
8:20 pm

I answered — they played a recording message
and then hung up on me.

---

11/30/09  10:30 am
Hung up on me

11/30/09
10:31 am
Called my work
and left a message

**PHONE MESSAGE**

TO: Dara

FROM: Chris

PET'S NAME: Diday

PHONE NO: 1800-479-3743

PHONE NO:

DATE CALLED: 11-30

TIME CALLED: 10:31

MESSAGE:
DBA Diversified adjustment

MESSAGE TAKEN BY: D

12-1-09   5:15 pm
missed call

12-2-09   9:12 am
missed call on cell phone

12 - 2 - 09

Called my work AGAIN!
Spoke to Regia or Regina
She was screaming at me, calling me a lier
because I was at work. I told her I could
not discuss this, I am at work. She kept
Yelling at me - I told her I am back at
work now from matternity leave. She kept
calling me a lier. Then she said since Im
at work I can get my check book out
right now and take of this. I told her
that I can not pay it all at once and
I already had an aggreement to pay $10/month.
She continued screaming at me that
$10 is not good enough and I have to pay
it all now. I said no I cant and
asked her to never call my work again. She
said no - she will continue to call me
unless if I give her my account #. I asked
to speak to her supervisor and she
told me no, she refused to transfer
me so I ended the conversation
saying good bye - and hung up.

18-8-09   9:30 am
I called back.
spoke to Gena. Asked her to please
never call my work place again. She
said she will make a note of it
But could not promise me anything.
She began to explain that I do'm
is not good enough and asked me
how much money I make an hour at
work. I told her I am not comfortable
to answer that. She told me they have
the legal right to no my income so
they can calculate it and they decide
how much I pay a month. I refused
to tell her so then I was threatened
that they will sue me AND be
doubling my balance.

18-3  5:14pm
answered - they hung up on me

18-7  9:10 am
answered - they hung up on me

18-7  9:12 am
called again. Spoke to Regina.
started up again. firmly saying I do'm is not enough and
asked it I was back at work. I told her yes and
quickly interupted me. "Good, so you can get
your check book out and pay up." I said no I
can't if she offered to put this on my credit
soon, she offered a deal to pay this off and
me that they are going to start yelling at
and we can end all this now
at $300.00 PM.

and she said well think about it. I told
her I need to talk to my husband
and see if we can work it out in our
budget. She said she would give me
2 days to respond or the $200 deal
would be off.

---

12-9-09.   12:53pm
    called - played there recording
            and hung up on me

## Debt Collection Damages

These are my damages:

| | | |
|---|---|---|
| Sleeplessness | **Yes** | No |
| Fear of answering the telephone | **Yes** | No |
| Nervousness | **Yes** | No |
| Fear of answering the door | Yes | **No** |
| Embarrassment when talking to or seeing friends or family | Yes | **No** |
| Depression (sad, anxious, or "empty" moods) | **Yes** | No |
| Chest Pain | **Yes** | **No** |
| Feelings of hopelessness, pessimism | **Yes** | No |
| Feelings of guilt, worthlessness, helplessness | **Yes** | No |
| Appetite and/or weight loss or overeating and weight gain | Yes | **No** |
| Thoughts of death or suicide; suicide attempts | Yes | **No** |
| Restlessness, irritability | **Yes** | No |
| Other physical symptoms headaches, digestive disorders, and chronic pain. | **Yes** | No |
| Negative impact on my job | **Yes** | No |
| Negative impact on my relationship | **Yes** | No |

Other physical or emotional symptoms that you feel are associated with abusive debt collections:

The harrassment is going to far! I feel helpless because I really can't afford to pay more then $10. month. They make me feel so worthless! They called me a liar about being on maternity leave when I just had my baby 3 months ago. this is causing stress on my marriage trying to work this out in our budget. They have called me before 8am on a sunday and have called me at 9:16pm on 1 occation and at 10pm on 1 occation and they just hang up me — woke up my baby!

I swear, under the penalty of perjury, that the above is true:

Dara Hill
**Print Name Above**

Dara Hill
**Sign Name Above**

Subscribed and sworn to before me this ___ day of DEC, 2009.

_____
Notary Public

KIMBERLY RUTH MCCRAY
Notary Public State of Florida
Commission DD695000
My comm. expires July 11, 2013

STATE OF FLORIDA
COUNTY OF Orange

The foregoing instrument was acknowledged before me this ___ day of DEC, 2009 by Dara Hill who is personally known to me or who has produced FL DL License as identification.